IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PHOENIX LICENSING, L.L.C., and<br>LPL LICENSING, L.L.C. | § <br> § <br> § | Civil Action No. 2:13-cv-1081[JRG-RSP] |
| Plaintiff, | § | CONSOLIDATED LEAD CASE |
| | § | |
| v. | § | |
| | § | |
| AAA LIFE INSURANCE COMPANY | § | |
| PHOENIX LICENSING, L.L.C., ET AL | § | |
| | § | |
| v. | § | Civil Action No. 2:13-cv-1100 |
| | § | |
| VERIZON COMMUNICATIONS INC.<br>AND CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS | § <br> § <br> § | Jury Trial Demanded |

## VERIZON COMMUNICATIONS INC. AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS' FIRST AMENDED ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendants Verizon Communications Inc. ("VCI") and Cellco Partnership d/b/a Verizon

Wireless ("Verizon Wireless") (collectively, "Verizon" or "Defendants"), by and through their

attorneys, provide their First Amended Answer, Defenses, and Counterclaims (collectively,

"Answer")[1] to Phoenix Licensing, L.L.C. ("Phoenix") and LPL Licensing, L.L.C.'s ("LPL")

(collectively, "Plaintiffs") First Amended Complaint ("Complaint") as follows.

---

[1] Plaintiffs' Complaint makes vague and conclusory allegations of infringement against Verizon. Thus, Plaintiffs' Complaint fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and fails to make allegations sufficient to meet the Supreme Court's standards set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Plaintiffs' Complaint further fails to meet the basic notice pleading requirements set forth by the Federal Circuit in *K-Tech Communications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013).  Accordingly, while Verizon hereby answers Plaintiffs' Complaint to the best of its knowledge and ability, Verizon reserves its right to assert any and all available defenses and arguments it may have at law or in equity.  In addition, because of the vague nature of Plaintiffs' Complaint, Verizon cannot adequately investigate what is at issue in this lawsuit.  Thus, Verizon reserves the right to supplement or amend this Answer to include additional defenses that are discovered during the course of this lawsuit.

# INTRODUCTION[2]

1.      Defendants admit that U.S. Patent No. 5,987,434 ("the '434 patent") appears on its face to be entitled "Apparatus and Method for Transaction Marketing and Sales of Financial Products"; that U.S. Patent No. 7,890,366 ("the '366 patent") appears on its face to be entitled "Personalized Communication Documents, System and Method for Preparing Same"; that U.S. Patent No. 7,860,744 ("the '744 patent") appears on its face to be entitled "System and Method for Automatically Providing Personalized Notices Concerning Products and/or Services"; that U.S. Patent No. 8,352,317 ("the '317 patent") appears on its face to be entitled "System for Facilitating Production of Variable Offer Communications"; that U.S. Patent No. 8,606,632 ("the '632 patent") appears on its face to be entitled "System, Method, and Computer Program Product for Selecting and Presenting Financial Products and Services"; that U.S. Patent No. 8,234,184 ("the '184 patent") appears on its face to be entitled "Automated Reply Generation Direct Marketing System"; that U.S. Patent No. 6,999,938 ("the '938 patent") appears on its face to be entitled "Automated Reply Generation Direct Marketing System"; and that U.S. Patent No. 8,738,435 ("the '435 patent") appears on its face to be entitled "Method and Apparatus for Presenting Personalized Content Relating to Offered Products and Services."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations related to whether Plaintiff Phoenix is the owner of the '434, '366, '744, '317, '632, '184, '938, and '435 patents (collectively "the patents-in-suit"), and on that basis deny them.  Defendants deny the remaining allegations set forth in Paragraph 1 of Plaintiffs' Complaint.

---

[2] For ease of reference, Verizon incorporates the outline headings used in Plaintiffs' Complaint.  To the extent that such headings make factual allegations, Verizon does not adopt or admit such statements and instead denies them.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint, and on that basis deny them.

3.      Defendants deny each and every allegation contained in Paragraph 3 of Plaintiffs' Complaint.

4.      No response is required to Paragraph 4 of Plaintiffs' Complaint, but to the extent that any response is required:  Defendants deny each and every allegation contained in Paragraph 4 of Plaintiffs' Complaint.

## PARTIES

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint, and on that basis deny them.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint, and on that basis deny them.

7.      Defendants admit that VCI is a Delaware corporation with a principal place of business at 140 West Street, New York, New York 10013.  Any remaining allegations in Paragraph 7 of Plaintiffs' Complaint are denied.

8.      Defendants admit that Verizon Wireless is a Delaware general partnership with a principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.  Any remaining allegations in Paragraph 8 of Plaintiffs' Complaint are denied.

LEGAL02/34645800v1

## JURISDICTION AND VENUE

9.      Defendants admit that this action purports to arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but deny the remaining allegations in Paragraph 9 of Plaintiffs' Complaint and specifically deny that Plaintiffs have stated a legally sufficient claim for patent infringement, and further specifically deny any infringement.

10.     Verizon Wireless admits that this Court has personal jurisdiction over it in this case, but denies the remaining allegations in Paragraph 10 of Plaintiffs' Complaint and specifically denies that it has committed or continues to commit any acts of patent infringement in this, or any other, District.  VCI denies that personal jurisdiction over VCI exists in Texas, denies any remaining allegations of Paragraph 10 of Plaintiffs' Complaint, and specifically denies that it has committed acts of patent infringement in the State of Texas or in the Eastern District of Texas.

11.     Verizon Wireless admits that venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b), but denies the remaining allegations in Paragraph 11 of Plaintiffs' Complaint and specifically denies that it has committed or continues to commit any acts of patent infringement in this, or any other, District.  Verizon Wireless denies, however, that this District is the most convenient forum.  VCI denies that venue is proper in this District under either 28 U.S.C. 1400(b) or 28 U.S.C. 1391(b)-(d), and specifically denies that it has committed or continues to commit any acts of patent infringement in this, or any other, District.

## COUNT I

12.     No response is required to Plaintiffs' incorporation by reference of the previous paragraphs of Plaintiffs' Complaint.  To the extent that any response is required:  Defendants'

responses to Paragraphs 1 through 11 of Plaintiffs' Complaint are incorporated by reference as if fully restated herein.

13.     Defendants admit that the '434 patent appears on its face to have issued on November 16, 1999, and what appears to be a copy of the '434 patent is attached to Plaintiffs' Complaint as Exhibit A.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of Plaintiffs' Complaint, and on that basis deny them.

14.     Defendants deny each and every allegation of Paragraph 14 of Plaintiffs' Complaint.

15.     Defendants deny each and every allegation of Paragraph 15 of Plaintiffs' Complaint.

16.     Defendants deny each and every allegation of Paragraph 16 of Plaintiffs' Complaint.

17.     Defendants deny each and every allegation of Paragraph 17 of Plaintiffs' Complaint.

18.     Defendants deny each and every allegation of Paragraph 18 of Plaintiffs' Complaint.

19.     No response is required to Paragraph 19 of Plaintiffs' Complaint, but to the extent that any response is required:  Defendants deny each and every allegation of Paragraph 19 of Plaintiffs' Complaint.

## <u>COUNT II</u>

20.     No response is required to Plaintiffs' incorporation by reference of the previous paragraphs of Plaintiffs' Complaint.  To the extent that any response is required:  Defendants'

responses to Paragraphs 1 through 11 of Plaintiffs' Complaint are incorporated by reference as if fully restated herein.

21.     Defendants admit that the '366 patent appears on its face to have issued on February 15, 2011, and what appears to be a copy of the '366 patent is attached to Plaintiffs' Complaint as Exhibit B.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 of Plaintiffs' Complaint, and on that basis deny them.

22.     Defendants deny each and every allegation of Paragraph 22 of Plaintiffs' Complaint.

23.     Defendants deny each and every allegation of Paragraph 23 of Plaintiffs' Complaint.

24.     Defendants deny each and every allegation of Paragraph 24 of Plaintiffs' Complaint.

25.     Defendants deny each and every allegation of Paragraph 25 of Plaintiffs' Complaint.

26.     Defendants deny each and every allegation of Paragraph 26 of Plaintiffs' Complaint.

27.     No response is required to Paragraph 27 of Plaintiffs' Complaint, but to the extent that any response is required:  Defendants deny each and every allegation of Paragraph 27 of Plaintiffs' Complaint.

## <u>COUNT III</u>

28.     No response is required to Plaintiffs' incorporation by reference of the previous paragraphs of Plaintiffs' Complaint.  To the extent that any response is required:  Defendants'

LEGAL02/34645800v1

responses to Paragraphs 1 through 11 of Plaintiffs' Complaint are incorporated by reference as if fully restated herein.

29.     Defendants admit that the '744 patent appears on its face to have issued on December 28, 2010, and what appears to be a copy of the '744 patent is attached to Plaintiffs' Complaint as Exhibit C.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of Plaintiffs' Complaint, and on that basis deny them.

30.     Defendants deny each and every allegation of Paragraph 30 of Plaintiffs' Complaint.

31.     Defendants deny each and every allegation of Paragraph 31 of Plaintiffs' Complaint.

32.     Defendants deny each and every allegation of Paragraph 32 of Plaintiffs' Complaint.

33.     Defendants deny each and every allegation of Paragraph 33 of Plaintiffs' Complaint.

34.     Defendants deny each and every allegation of Paragraph 34 of Plaintiffs' Complaint.

35.     No response is required to Paragraph 35 of Plaintiffs' Complaint, but to the extent that any response is required:  Defendants deny each and every allegation of Paragraph 35 of Plaintiffs' Complaint.

## COUNT IV

36.     No response is required to Plaintiffs' incorporation by reference of the previous paragraphs of Plaintiffs' Complaint.  To the extent that any response is required:  Defendants'

responses to Paragraphs 1 through 11 of Plaintiffs' Complaint are incorporated by reference as if fully restated herein.

37.     Defendants admit that the '317 patent appears on its face to have issued on January 8, 2013, and what appears to be a copy of the '317 patent is attached to Plaintiffs' Complaint as Exhibit D.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 of Plaintiffs' Complaint, and on that basis deny them.

38.     Defendants deny each and every allegation of Paragraph 38 of Plaintiffs' Complaint.

39.     Defendants deny each and every allegation of Paragraph 39 of Plaintiffs' Complaint.

40.     Defendants deny each and every allegation of Paragraph 40 of Plaintiffs' Complaint.

41.     Defendants deny each and every allegation of Paragraph 41 of Plaintiffs' Complaint.

42.     Defendants deny each and every allegation of Paragraph 42 of Plaintiffs' Complaint.

43.     No response is required to Paragraph 43 of Plaintiffs' Complaint, but to the extent that any response is required:  Defendants deny each and every allegation of Paragraph 43 of Plaintiffs' Complaint.

## COUNT V

44.     No response is required to Plaintiffs' incorporation by reference of the previous paragraphs of Plaintiffs' Complaint.  To the extent that any response is required:  Defendants'

responses to Paragraphs 1 through 11 of Plaintiffs' Complaint are incorporated by reference as if fully restated herein.

45.     Defendants admit that the '632 patent appears on its face to have issued on December 10, 2013, and what appears to be a copy of the '632 patent is attached to Plaintiffs' Complaint as Exhibit E.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 45 of Plaintiffs' Complaint, and on that basis deny them.

46.     Defendants deny each and every allegation of Paragraph 46 of Plaintiffs' Complaint.

47.     Defendants deny each and every allegation of Paragraph 47 of Plaintiffs' Complaint.

48.     Defendants deny each and every allegation of Paragraph 48 of Plaintiffs' Complaint.

49.     Defendants deny each and every allegation of Paragraph 49 of Plaintiffs' Complaint.

50.     Defendants deny each and every allegation of Paragraph 50 of Plaintiffs' Complaint.

51.     No response is required to Paragraph 51 of Plaintiffs' Complaint, but to the extent that any response is required:  Defendants deny each and every allegation of Paragraph 51 of Plaintiffs' Complaint.

## COUNT VI

52.     No response is required to Plaintiffs' incorporation by reference of the previous paragraphs of Plaintiffs' Complaint.  To the extent that any response is required:  Defendants'

LEGAL02/34645800v1

responses to Paragraphs 1 through 11 of Plaintiffs' Complaint are incorporated by reference as if fully restated herein.

53.     Defendants admit that the '184 patent appears on its face to have issued on July 31, 2012, and what appears to be a copy of the '184 patent is attached to Plaintiffs' Complaint as Exhibit F.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 53 of Plaintiffs' Complaint, and on that basis deny them.

54.     Defendants deny each and every allegation of Paragraph 54 of Plaintiffs' Complaint.

55.     Defendants deny each and every allegation of Paragraph 55 of Plaintiffs' Complaint.

56.     Defendants deny each and every allegation of Paragraph 56 of Plaintiffs' Complaint.

57.     Defendants deny each and every allegation of Paragraph 57 of Plaintiffs' Complaint.

58.     Defendants deny each and every allegation of Paragraph 58 of Plaintiffs' Complaint.

59.     No response is required to Paragraph 59 of Plaintiffs' Complaint, but to the extent that any response is required:  Defendants deny each and every allegation of Paragraph 59 of Plaintiffs' Complaint.

## <u>COUNT VII</u>

60.     No response is required to Plaintiffs' incorporation by reference of the previous paragraphs of Plaintiffs' Complaint.  To the extent that any response is required:  Defendants'

10

responses to Paragraphs 1 through 11 of Plaintiffs' Complaint are incorporated by reference as if fully restated herein.

61.     Defendants admit that the '938 patent appears on its face to have issued on February 14, 2006, and what appears to be a copy of the '938 patent is attached to Plaintiffs' Complaint as Exhibit G.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 61 of Plaintiffs' Complaint, and on that basis deny them.

62.     Defendants deny each and every allegation of Paragraph 62 of Plaintiffs' Complaint.

63.     Defendants deny each and every allegation of Paragraph 63 of Plaintiffs' Complaint.

64.     Defendants deny each and every allegation of Paragraph 64 of Plaintiffs' Complaint.

65.     Defendants deny each and every allegation of Paragraph 65 of Plaintiffs' Complaint.

66.     Defendants deny each and every allegation of Paragraph 66 of Plaintiffs' Complaint.

67.     No response is required to Paragraph 67 of Plaintiffs' Complaint, but to the extent that any response is required:  Defendants deny each and every allegation of Paragraph 67 of Plaintiffs' Complaint.

## COUNT VIII

68.     No response is required to Plaintiffs' incorporation by reference of the previous paragraphs of Plaintiffs' Complaint.  To the extent that any response is required:  Defendants'

responses to Paragraphs 1 through 11 of Plaintiffs' Complaint are incorporated by reference as if fully restated herein.

69.      Defendants admit that the '435 patent appears on its face to have issued on May 27, 2014, and what appears to be a copy of the '435 patent is attached to Plaintiffs' Complaint as Exhibit H.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 69 of Plaintiffs' Complaint, and on that basis deny them.

70.      Defendants deny each and every allegation of Paragraph 70 of Plaintiffs' Complaint.

71.      Defendants deny each and every allegation of Paragraph 71 of Plaintiffs' Complaint.

72.      Defendants deny each and every allegation of Paragraph 72 of Plaintiffs' Complaint.

73.      Defendants deny each and every allegation of Paragraph 73 of Plaintiffs' Complaint.

74.      Defendants deny each and every allegation of Paragraph 74 of Plaintiffs' Complaint.

75.      No response is required to Paragraph 75 of Plaintiffs' Complaint, but to the extent that any response is required:  Defendants deny each and every allegation of Paragraph 67 of Plaintiffs' Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

76.     A response is not required to Plaintiffs' prayer for relief.  To the extent that any response is deemed required to any paragraph of Plaintiffs' "Prayer for Relief," including without limitation the paragraphs labeled (A) through (F), Defendants deny that Plaintiffs are entitled to any relief whatsoever.  Defendants have not infringed, directly or indirectly, any valid and enforceable claim of the patents-in-suit, and Plaintiffs are not entitled to any remedy or recovery.  Plaintiffs' prayer should therefore be denied in its entirety and with prejudice, and Plaintiffs should take nothing therefrom.

## DEMAND FOR A JURY TRIAL

77.     A response is not required to Plaintiffs' demand for a jury trial.  To the extent that any response is deemed required, Defendants also request a jury trial for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

78.     Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Plaintiffs' burdens of proof on its affirmative claims against Defendants, reserving their right to assert additional defenses, and affirmatively solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Defendants assert the following defenses to Plaintiffs' Complaint. In addition to the defenses set forth below, Defendants expressly reserve the right to allege additional defenses as they become known throughout the case.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

79.     Defendants do not and have not infringed any valid and enforceable claim of U.S.

Patent Nos. 5,987,434 ("the '434 patent"), 7,890,366 ("the '366 patent"), 7,860,744 ("the '744

patent"), 8,352,317 ("the '317 patent"), 8,606,632 ("the '632 patent"), 8,234,184 ("the '184

patent"), 6,999,938 ("the '938 patent"), and 8,738,435 ("the '435 patent")  (collectively, the

"patents-in-suit") literally, under the doctrine of equivalents, directly, indirectly, contributorily,

by way of inducement, and/or via any other mechanism of liability under the Patent Act.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

80.     One or more of the claims of the patents-in-suit are invalid and/or unenforceable

for failure to comply with one or more of the conditions of patentability set forth in Part II of

Title 35 of the United States Code, including without limitation, for example, Sections 101, 102,

103, 112, and 251.

## THIRD AFFIRMATIVE DEFENSE

### (License and Exhaustion)

81.     Upon information and belief, Plaintiffs' claims for patent infringement are

precluded in whole or in part:  (i) to the extent that any allegedly infringing products or services

or components thereof are supplied, directly or indirectly, to Defendants by any entity or entities

having express or implied licenses to the patents-in-suit; (ii) under the doctrine of patent

exhaustion; and/or (iii) due to restrictions on double recovery.

LEGAL02/34645800v1

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

82.     Plaintiffs are estopped by reason of prosecution history estoppel from asserting

infringement of one or more of the patents-in-suit under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches, Estoppel, and Waiver)

83.     Plaintiffs' claims for relief against Defendants are barred in whole or in part under

principles of equity, including without limitation, laches, prosecution laches, waiver, implied

waiver, estoppel, misconduct, patent misuse, unfair competition, unclean hands and/or other

equitable doctrines.

## SIXTH AFFIRMATIVE DEFENSE

### (Unenforceability)

84.     One or more of the patents-in-suit and their respective claims are unenforceable

due to laches, prosecution laches, waiver, implied waiver, estoppel, misconduct, patent misuse,

unfair competition, unclean hands and/or other equitable doctrines.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

85.     Plaintiffs' Complaint fails to state a claim against Defendants upon which relief

can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitation of Damages)

86.     Plaintiffs' claim for damages is limited by, without limitation, 35 U.S.C. § 252,

§ 286, § 287, and/or § 288.

## NINTH AFFIRMATIVE DEFENSE

### (Standing)

87.     Upon information and belief, Plaintiffs lack standing to bring suit for alleged

infringement of the patents-in-suit.

## TENTH AFFIRMATIVE DEFENSE

### (No Exceptional Case)

88.     Plaintiffs cannot prove that this is an exceptional case justifying award of attorney

fees against Defendants pursuant to 35 U.S.C. § 285.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

89.     The Court lacks personal jurisdiction over VCI.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Entitlement to Injunctive Relief)

90.     Plaintiffs are not entitled to any injunctive relief because Plaintiffs have not

suffered, and will not suffer, irreparable harm because of Defendants' conduct, Plaintiffs have an

adequate remedy at law, and the balance or hardships does not favor injunctive relief.

LEGAL02/34645800v1

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

91.     Venue is not convenient in the Eastern District of Texas.

## RESERVATION OF RIGHTS

92.     Defendants reserve any and all rights to amend their answer to amend its currently pled defenses and/or add additional defenses as they become apparent.

## VERIZON'S COUNTERCLAIMS

93.     Counterclaimants Verizon Communications Inc. ("VCI") and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") (collectively, "Verizon" or "Defendants"), hereby submit these counterclaims ("Counterclaims") pursuant to Federal Rule of Civil Procedure 13 and incorporate by reference paragraphs 1 through 92 of their Answer.

94.     There is an actual controversy between Verizon and Plaintiffs regarding non-infringement, validity, and/or unenforceability of the '434, '366, '744, '317, '632, '184, '938, and/or '435 patents because Plaintiffs have asserted that Verizon infringes the '434, '366, '744, '317, '632, '184, '938, and/or '435 patents.

95.     This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*  This Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338, and 1367.

96.     VCI is a Delaware corporation with a principal place of business at 140 West Street, New York, New York 10013.

97.     Verizon Wireless is a Delaware general partnership with a principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

98.     Upon information and belief, Plaintiff Phoenix Licensing, L.L.C. ("Phoenix") is an Arizona limited liability company with a principal place of business in Scottsdale, Arizona.

99.     Upon information and belief, Plaintiff LPL ("LPL") is a Delaware limited liability company with a principal place of business in Scottsdale, Arizona, and an office in Tyler, Texas.

100.     This Court has personal jurisdiction over Phoenix and LPL (collectively, "Plaintiffs") at least because Plaintiffs submitted themselves to this Court's personal jurisdiction by suing Defendants in this Court.

101.     To the extent that venue is proper in this Court for Plaintiff's claims, venue for these Counterclaims is proper in this Court under 28 U.S.C. § 1391 and under the doctrine of pendant venue because these Counterclaims are closely related to the claims set forth in Plaintiffs' Complaint.

## FIRST COUNTERCLAIM

### (Invalidity)

102.     Verizon incorporates by reference paragraphs 93 through 101 of its Counterclaims.

103.     The claims of the '434, '366, '744, '317, '632, '184, '938, and/or '435 patents are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101, *et seq*.

104.     The claims of the '434, '366, '744, '317, '632, '184, '938, and/or '435 patents are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SECOND COUNTERCLAIM

### (Non-infringement)

105.    Verizon incorporates by reference paragraphs 93 through 101 of its

Counterclaims.

106.    Verizon has not infringed and is not infringing, either directly or indirectly, any

valid and enforceable claim of any of the '434, '366, '744, '317, '632, '184, '938, and/or '435

patents.

## PRAYER FOR RELIEF

WHEREFORE, Verizon respectfully prays for the entry of judgment as follows:

A.    Dismissing Plaintiffs' Complaint in its entirety with prejudice and enter judgment
in favor of Verizon and against Plaintiffs, denying all relief requested by Plaintiffs
and finding that Plaintiffs take nothing by their claims against Verizon because
the claims of the '434, '366, '744, '317, '632, '184, '938, and/or '435 patents are
unenforceable, invalid, and/or not infringed;

B.    Finding this case exceptional under 35 U.S.C. § 285 and awarding Verizon its
reasonable attorneys' fees, costs, and such further relief as the Court may deem
just and proper;

C.    Declaring the '434, '366, '744, '317, '632, '184¸'938, and/or '435 patents and one
or more of their claims invalid;

D.    Declaring that Verizon has not and does not infringe, directly or indirectly, induce
infringement of, or contribute to the infringement of, any valid and enforceable
claim of the '434, '366, '744, '317, '632, '184¸'938, and/or '435 patents; and

E.    Awarding such further relief as deemed just and proper.

19

## <u>DEMAND FOR JURY TRIAL</u>

Verizon hereby demands trial by jury on all issues so triable.


Dated:  September 24, 2014                    Respectfully submitted by,


*/s/ Michael E. Jones*
Michael E. Jones
SBN: 10929400
POTTER MINTON, PC
110 N. College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

Michael S. Connor
   (NC Bar No. 16152)
Ross R. Barton
   (NC Bar No. 37179)
Alston & Bird LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC  28280-4000
Telephone:  (704) 444-1000
Facsimile:  (704) 444-1111
Email:  mike.connor@alston.com
Email:  ross.barton@alston.com

Keith E. Broyles
   (Ga. Bar No. 090152)
1201 West Peachtree Street
Atlanta, GA  30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email:  keith.broyles@alston.com
**ATTORNEYS FOR DEFENDANTS
VERIZON COMMUNICATIONS INC.
AND CELLCO PARTNERSHIP D/B/A
VERIZON WIRELESS.**

LEGAL02/34645800v1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 24, 2014.


*/s/ Michael E. Jones*

21