## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

Phoenix Licensing, L.L.C., et al
    Plaintiff

             v.                    Civil Action No. 2:13-cv-01081-JRG-RSP

AAA Life Insurance Company,
    Defendant                       **LEAD CASE**

---

Phoenix Licensing, L.L.C.
    Plaintiff

             v.                    Civil Action No. 2:13-cv-01087-JRG-RSP
                                         JURY TRIAL DEMANDED

Dell Inc.
    Defendant

---

### DEFENDANT DELL INC.'S FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PHOENIX LICENSING, L.L.C. AND LPL LICENSING, L.L.C.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Dell Inc. ("Dell"), by and through its undersigned counsel, hereby presents its First Amended Answer and Counterclaims to Plaintiff Phoenix Licensing, L.L.C.'s and Plaintiff LPL Licensing, L.L.C.'s (collectively "Plaintiffs") Second Amended Complaint (the "Complaint").

## INTRODUCTION

1.      Dell is without knowledge or information sufficient to form as to whether Phoenix is the owner of United States Patent Nos. 5,987,434 ("the '434 Patent"), 8,352,317 ("the '317 Patent"), 8,234,184 ("the '184 Patent"), and 6,999,938 ("the '938 patent") (collectively, the "patents-in-suit").   Dell admits that the '434 Patent is entitled "Apparatus and Method for Transacting Marketing and Sales of Financial Products."   Dell admits that the '317 Patent is entitled "System for Facilitating Production of Variable Offer Communications."   Dell admits that the '184 Patent is entitled "Automated Reply Generation Direct Marketing System."   Dell admits that the '938 Patent is entitled "Automated Reply Generation Direct Marketing System." Except as explicitly admitted, Dell denies the allegations contained in Paragraph 1 of the Complaint.

2.      Dell is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of the Complaint, and therefore denies them.

3.      Dell denies the allegations contained in Paragraph 3 of the Complaint.

4.      Dell admits that Plaintiffs have filed a civil action that seeks damages for patent infringement and an injunction to prevent Dell from making, using, offering to sell, selling, and/or importing technology allegedly claimed by the patents-in-suit, but denies that this action has any legal merit.   Dell denies that it has used and continues to use Plaintiffs' patented technology.   Except as explicitly admitted, Dell denies the allegations contained in Paragraph 4 of the Complaint.

## PARTIES

5.      Dell is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6.      Dell is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

7.      Admitted.

## JURISDICTION AND VENUE

8.      Dell admits that Plaintiff has brought an action for patent infringement under the patent laws of the United States of America, 35 U.S.C. § 1, *et. seq.*, including § 271, but denies that this action has any legal merit.  Dell admits that this Court has original jurisdiction of the subject matter of this Complaint under 28 U.S.C. § 1331 and § 1338(a), but denies that the subject matter of this Complaint is legally valid or sufficient.

9.      Dell admits that it is subject to the personal jurisdiction of this Court for this action.  Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 9 of the Complaint.

10.      Dell denies that it has committed acts and continues to commit acts within this judicial district giving rise to this action.  Dell admits that venue in this district is technically proper as to Dell pursuant to 28 U.S.C. § 1391(b)-(d) and § 1400(b).  Dell denies that this forum is the most convenient forum for this action.

## COUNT 1
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,987,434

11.      Dell incorporates by reference each and every response contained in Paragraphs 1 through 10 of this answer and further responds as follows:

12.      Dell admits that Plaintiffs have attached a copy of the '434 Patent to the Complaint, and that, on its face, the '434 Patent indicates that it was issued by the United States Patent and Trademark Office on November 16, 1999.  Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 relating to the

assignment and the ownership of the '434 Patent.  Except as explicitly admitted, Dell denies the allegations contained in Paragraph 12 of the Complaint.

13.     Dell denies the allegations contained in Paragraph 13 of the Complaint.

14.     Dell denies the allegations contained in Paragraph 14 of the Complaint.

15.     Dell denies the allegations contained in Paragraph 15 of the Complaint.

16.     Dell denies the allegations contained in Paragraph 16 of the Complaint.

17.     Dell denies the allegations contained in Paragraph 17 of the Complaint.

18.     This paragraph serves as a reservation of right by Plaintiffs to which no response is required.  Dell denies all allegations brought by Plaintiffs and objects to Plaintiffs' reservation of right to amend, supplement, or modify its allegations.

**COUNT 2**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,352,317**

19.     Dell incorporates by reference each and every response contained in Paragraphs 1 through 18 of this answer and further responds as follows:

20.     Dell admits that Plaintiffs have attached a copy of the '317 Patent to the Complaint, and that, on its face, the '317 Patent indicates that it was issued by the United States Patent and Trademark Office on January 8, 2013.  Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 relating to the assignment and the ownership of the '317 Patent.  Except as explicitly admitted, Dell denies the allegations contained in Paragraph 20 of the Complaint.

21.     Dell denies the allegations contained in Paragraph 21 of the Complaint.

22.     Dell denies the allegations contained in Paragraph 22 of the Complaint.

23.     Dell denies the allegations contained in Paragraph 23 of the Complaint.

24.     Dell denies the allegations contained in Paragraph 24 of the Complaint.

25.     Dell denies the allegations contained in Paragraph 25 of the Complaint.

26.     This paragraph serves as a reservation of right by Plaintiffs to which no response is required.  Dell denies all allegations brought by Plaintiffs and objects to Plaintiffs' reservation of right to amend, supplement, or modify its allegations.

## COUNT 3
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,234,184

27.     Dell incorporates by reference each and every response contained in Paragraphs 1 through 26 of this answer and further responds as follows:

28.     Dell admits that Plaintiffs have attached a copy of the '184 Patent to the Complaint, and that, on its face, the '184 Patent indicates that it was issued by the United States Patent and Trademark Office on July 31, 2012.  Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 relating to the assignment and the ownership of the '184 Patent.  Except as explicitly admitted, Dell denies the allegations contained in Paragraph 28 of the Complaint.

29.     Dell denies the allegations contained in Paragraph 29 of the Complaint.

30.     Dell denies the allegations contained in Paragraph 30 of the Complaint.

31.     Dell denies the allegations contained in Paragraph 31 of the Complaint.

32.     Dell denies the allegations contained in Paragraph 32 of the Complaint.

33.     Dell denies the allegations contained in Paragraph 33 of the Complaint.

34.     This paragraph serves as a reservation of right by Plaintiffs to which no response is required.  Dell denies all allegations brought by Plaintiffs and objects to Plaintiffs' reservation of right to amend, supplement, or modify its allegations.

35.     All remaining allegations not specifically admitted herein are denied.

## COUNT 4
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,999,938

36.    Dell incorporates by reference each and every response contained in Paragraphs 1 through 35 of this answer and further responds as follows:

37.    Dell admits that Plaintiffs have attached a copy of the '938 Patent to the Complaint, and that, on its face, the '938 Patent indicates that it was issued by the United States Patent and Trademark Office on February 14, 2006.  Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 relating to the assignment and the ownership of the '938 Patent.  Except as explicitly admitted, Dell denies the allegations contained in Paragraph 36 of the Complaint.

38.    Dell denies the allegations contained in Paragraph 37 of the Complaint.

39.    Dell denies the allegations contained in Paragraph 38 of the Complaint.

40.    Dell denies the allegations contained in Paragraph 39 of the Complaint.

41.    Dell denies the allegations contained in Paragraph 40 of the Complaint.

42.    Dell denies the allegations contained in Paragraph 41 of the Complaint.

43.    This paragraph serves as a reservation of right by Plaintiffs to which no response is required.  Dell denies all allegations brought by Plaintiffs and objects to Plaintiffs' reservation of right to amend, supplement, or modify its allegations.

44.    All remaining allegations not specifically admitted herein are denied.

## RESPONSE TO PLAINTIFFS' REQUESTED RELIEF

WHEREFORE, Defendant, Dell Inc., respectfully requests that judgment be entered in its favor and against Plaintiffs, Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C., as follows:

A.    Dismissing Plaintiffs' Complaint and entering a take-nothing judgment against Plaintiffs and in favor of Dell;

B.      Denying Plaintiffs' request for a permanent injunction;

C.      Denying Plaintiffs' request for damages under 35 U.S.C. § 284;

D.      Denying Plaintiffs' request that the Court declare this case exceptional and denying the related request for attorneys' fees pursuant to 35 U.S.C. § 285;

E.      Denying Plaintiffs' request for damages, including prejudgment or post-judgment interest; and

F.      Granting such other and additional relief to Dell as the Court deems just, equitable, and proper.

## DEFENSES AND AFFIRMATIVE DEFENSES

45.      Dell asserts the following affirmative and other defenses, and reserves the right to amend its answer as additional information becomes available and additional defenses, including allegations of inequitable, become apparent.

### First Defense (No Infringement)

46.      On information and belief, Dell does not infringe and has not infringed any valid claim of the patents-in-suit, either literally or under the doctrine of equivalents.

### Second Defense (Invalidity)

47.      On information and belief, the claims of the patents-in-suit are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Defense (Limitations on Damages)

48.      Plaintiffs' recovery for alleged infringement of the patents-in-suit, if any, is limited by 35 U.S.C. §§ 286, 287 and/or 288.

### Fourth Defense (Estoppel)

49.     On information and belief, prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

### Fifth Defense (Waiver)

50.     On information and belief, Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Sixth Defense (Laches)

51.     On information and belief, Plaintiffs' claims for damages derived from the patents-in-suit are barred, in whole or in part, by the doctrine of laches.

### Seventh Defense (Prosecution History Laches)

52.     On information and belief, Plaintiffs' claims are barred, in whole or in part, by the doctrine of prosecution history laches.

### Eighth Defense (Failure to State a Claim)

53.     On information and belief, Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Dell.

### Ninth Defense (Adequate Remedy at Law)

54.     Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law, and the balance of hardship and public interest do not favor injunctive relief.

### Tenth Defense (No Exceptional Case)

55.     Plaintiffs cannot prove that this is an exceptional case justifying an award of attorney fees against Dell, pursuant to 35 U.S.C. § 285.

<u>Eleventh Defense (Intervening Rights)</u>

56.     On information and belief, Plaintiffs' claims for damages and relief are barred, in part, by the doctrine of intervening rights, including that set forth in 35 U.S.C. §§ 307 and 252 (as referenced in 35 U.S.C. § 307).

<u>Twelfth Defense (License and Exhaustion)</u>

57.     On information and belief, Plaintiffs' claims for damages and relief are barred, in part, by: (i) to the extent that any allegedly infringing products or services or components thereof are supplied, directly or indirectly, to Dell by any entity or entities having express or implied licenses to the patents-in-suit; (ii) under the doctrine of patent exhaustion; and/or (iii) due to restrictions on double recovery.

## DELL INC.'S COUNTERCLAIMS

## THE PARTIES

1.     Counterclaimant Dell Inc. ("Dell") is a corporation organized under the laws of Delaware, and has its principal place of business located at One Dell Way, Round Rock, Texas 78682.

2.     On information and belief, Counter-Defendant, Phoenix Licensing, L.L.C. is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.

3.     On information and belief, Counter-Defendant, LPL Licensing, L.L.C. is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona and an office and personnel in Tyler, Texas.

## JURISDICTION AND VENUE

4.     Dell's counterclaims include claims for declaratory judgment of non-infringement and invalidity.  Jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C.

§§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, as well as 28 U.S.C. § 1331 and § 1338.

5.      Counter-Defendants have chosen this venue to enforce Counter-Defendants' patents.  Venue is proper in this Court and judicial district for counterclaims pursuant to 28 U.S.C. § 1391 and § 1400(b).

## FACTS

6.      On or about December 11, 2013, Counter-Defendants filed a Complaint for Patent Infringement in the United States District Court for the Eastern District of Texas, alleging that Dell has infringed the '434 Patent, the '317 Patent, and the '184 Patent (collectively, the "patents-in-suit").  On or about February 24, 2014, Counter-Defendants filed a First Amended Complaint.  On or about September 10, 2014, Counter-Defendants filed a Second Amended Complaint ("the Complaint"), alleging that Dell has infringed the '938 Patent in addition to the original patents-in suit.

7.      Based upon the filing of the Complaint and the allegations contained therein, there exists an actual and justiciable controversy between Dell and Phoenix Licensing and LPL Licensing relating to at least Dell's alleged infringement and the validity of the patents-in-suit.  Thus, Dell requests a declaration from the Court in its favor with respect to the Counts listed below.

8.      Dell reserves the right to amend the currently pled counterclaims or to add additional counterclaims, including counterclaims of inequitable conduct, as they become apparent in the course of this action.

## COUNT 1 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

9.      Dell reasserts all the facts and allegations contained in Paragraphs 1 through 8 of its Counterclaim.

10.     Dell does not infringe and has not infringed, either directly, indirectly, alone, jointly, or otherwise, any valid claim of the '434 Patent, either literally or under the doctrine of equivalents.

11.     Dell does not infringe and has not infringed, either directly, indirectly, alone, jointly, or otherwise, any valid claim of the '317 Patent, either literally or under the doctrine of equivalents.

12.     Dell does not infringe and has not infringed, either directly, indirectly, alone, jointly, or otherwise, any valid claim of the '184 Patent, either literally or under the doctrine of equivalents.

13.     Dell does not infringe and has not infringed, either directly, indirectly, alone, jointly, or otherwise, any valid claim of the '938 Patent, either literally or under the doctrine of equivalents.

## COUNT 2 - DECLARATORY JUDGMENT OF INVALIDITY

14.     Dell reasserts all the facts and allegations contained in Paragraphs 1 through 13 of its Counterclaim.

15.     On information and belief, the claims of the '434 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

16.     On information and belief, the claims of the '317 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

17.     On information and belief, the claims of the '184 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

18.     On information and belief, the claims of the '938 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## DELL INC.'S PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff, Dell Inc., respectfully prays that judgment be entered in its favor and against Counter-Defendants, Phoenix Licensing and LPL Licensing, as follows:

A.     that Phoenix Licensing and LPL Licensing's Complaint against Dell be dismissed with prejudice and that a take-nothing judgment be entered against Phoenix Licensing and LPL Licensing and in favor of Dell;

B.     that judgment be entered in Dell's favor that it has not and does not infringe any claim of the '434 Patent, the '317 Patent,  the '184 Patent, or the '938 Patent;

C.     that judgment be entered in Dell's favor that each and every claim of the '434 Patent, the '317 Patent, the '184 Patent, and the '938 Patent is invalid;

D.     that judgment be entered in Dell's favor that this case is exceptional and awarding Dell its attorney fees and costs under 35 U.S.C. § 285; and

E.     that Dell be awarded any other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rule of Civil Procedure, Defendant and Counter-Plaintiff, Dell Inc., hereby demands a trial by jury on all issues so triable, including

without limitation, any of Phoenix Licensing's and LPL Licensing's claims against Dell Inc., and

Dell Inc.'s defenses and counterclaims.

September 25, 2014                      Respectfully submitted,


                                        */s/*      Kevin J. Meek
                                        Roger Fulghum
                                        *roger.fulghum@bakerbotts.com*
                                        Lead Attorney
                                        BAKER BOTTS L.L.P.
                                        One Shell Plaza
                                        910 Louisiana Street
                                        Houston, Texas 77002-4995
                                        Telephone:  (713) 229-1234
                                        Facsimile:  (713) 229-1522

                                        Kevin J. Meek
                                        *kevin.meek@bakerbotts.com*
                                        Paula D. Heyman
                                        *paula.heyman@bakerbotts.com*
                                        BAKER BOTTS L.L.P.
                                        98 San Jacinto Boulevard
                                        Suite 1500
                                        Austin, Texas 78701-4078
                                        Telephone:  (512) 322-2500
                                        Facsimile:  (512) 322-2501

                                        Deron R. Dacus
                                        *ddacus@dacusfirm.com*
                                        The Dacus Firm, PC
                                        821 ESE Loop 323, Suite 430
                                        Tyler, TX 75701
                                        Telephone: (903) 705-1117
                                        Facsimile: (903) 705-1117

                                        ATTORNEYS FOR DEFENDANTS DELL INC.

## CERTIFICATE OF SERVICE

I hereby certify that on all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 25th day of September 2014.

/s/      Kevin J. Meek
Kevin J. Meek