**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PHOENIX LICENSING, L.L.C., an Arizona limited liability company, and LPL LICENSING, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br> vs.<br><br>AAA LIFE INSURANCE COMPANY,<br><br><br>    Defendant. | Case No. 2:13-cv-1081-JRG-RSP<br>**LEAD CASE** |
| PHOENIX LICENSING, L.L.C., an Arizona limited liability company, and LPL LICENSING, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br> vs.<br><br>CARNIVAL CORPORATION & PLC and PRINCESS CRUISE LINES, LTD.<br><br>    Defendants. | Case No. 2:13-cv-1084-JRG-RSP<br>**JURY TRIAL DEMANDED** |

### CARNIVAL CORPORATION & PLC'S
### ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

   Defendant Carnival Corporation & plc ("Carnival" or "Defendant") responds to the First Amended Complaint for Patent Infringement (the "Amended Complaint") filed by Plaintiffs Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C, (collectively "Plaintiffs" or "Phoenix") as follows. Unless specifically admitted, all allegations in the Amended Complaint are denied:

## INTRODUCTION

1. Carnival admits that U.S. Patent No. 5,987,434 ("the '434 patent") appears on its face to be entitled "Apparatus and Method for Transacting Marketing and Sales of Financial Products," that U.S. Patent No. 8,352,317 ("the '317 patent") appears on its face to be entitled "System for Facilitating Production of Variable Offer Communications," that U.S. Patent No. 7,890,366 ("the '366 patent") appears on its face to be entitled "Personalized Communication Documents, System and Method for Preparing Same," that U.S. Patent No. 7,856,375 ("the '375 patent") appears on its face to be entitled "Customized Communication Document Creation System and Method," that U.S. Patent No. 8,234,184 ("the '184 patent") appears on its face to be entitled "Automated Reply Generation Direct Marketing System," and that U.S. Patent No. 8,738,435 ("the '435 patent") appears on its face to be entitled "Method and Apparatus for Presenting Personalized Content Relating to Offered Products and Services."  Carnival lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to whether Plaintiff Phoenix is the owner of the '434, '317, '366, '375, '184, and '435 patents (collectively "the patents-in-suit"), and on that basis denies them.  Carnival denies the remaining allegations set forth in Paragraph 1.

2. Carnival lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and on that basis denies them.

3. Denied.

4. No response is required to Paragraph 4 of the Amended Complaint, but to the extent that any response is required: Carnival admits that Plaintiffs seek the relief described, but denies that they are entitled to any such relief.

## PARTIES

5. Carnival admits, on information and belief, the allegations set forth in Paragraph 5.

6. Carnival admits, on information and belief, that LPL is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona. Carnival lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6, and on that basis denies them.

7. Denied.

8. Admitted.

## JURISDICTION AND VENUE

9. The allegations in Paragraph 9 are jurisdictional in nature and do not require a response, but to the extent that any response is required: Carnival admits this action purports to arise under the patent laws of the United States, 35 U.S.C. § 1, et seq. and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies the remaining allegations in Paragraph 9 and specifically denies that Plaintiffs have stated a legally sufficient claim for patent infringement, and further specifically deny any infringement.

10. Denied.

11. Denied.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 5,987,434

12. Carnival incorporates by reference each of its responses to paragraphs 1 through 11.

13. Carnival admits the '434 patent states on its face that it issued November 16, 1999 and what appears to be a copy of the '434 patent is attached to the Amended Complaint as Exhibit A. Carnival lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13.

14. Denied.

15. Denied.

16. Denied.

3

17. Denied.

18. Denied.

19. No response is required to Paragraph 19, but to the extent that any response is required: Denied.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,352,317

20. Carnival incorporates by reference each of its responses to paragraphs 1 through 11.

21. Carnival admits the '317 patent states on its face that it issued January 8, 2013 and what appears to be a copy of the '317 patent is attached to the Amended Complaint as Exhibit B. Carnival lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. No response is required to Paragraph 27, but to the extent that any response is required: Denied.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,890,366

28. Carnival incorporates by reference each of its responses to paragraphs 1 through 11.

29. Carnival admits the '366 patent states on its face that it issued February 15, 2011 and what appears to be a copy of the '366 patent is attached to the Amended Complaint as Exhibit C. Carnival lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29.

4

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. No response is required to Paragraph 35, but to the extent that any response is required: Denied.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,856,375

36. Carnival incorporates by reference each of its responses to paragraphs 1 through 11.

37. Carnival admits the '375 patent states on its face that it issued December 21, 2010 and what appears to be a copy of the '375 patent is attached to the Amended Complaint as Exhibit D. Carnival lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. No response is required to Paragraph 43, but to the extent that any response is required: Denied.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 8,234,184

44. Carnival incorporates by reference each of its responses to paragraphs 1 through 11.

5

45. Carnival admits the '184 patent states on its face that it issued July 31, 2012 and what appears to be a copy of the '184 patent is attached to the Amended Complaint as Exhibit E. Carnival lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 45.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. No response is required to Paragraph 51, but to the extent that any response is required: Denied.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. 8,738,435

52. Carnival incorporates by reference each of its responses to paragraphs 1 through 11.

53. Carnival admits the '435 patent states on its face that it issued May 27, 2014 and what appears to be a copy of the '435 patent is attached to the Amended Complaint as Exhibit F. Carnival lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 45.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. No response is required to Paragraph 59, but to the extent that any response is required: Denied.

## PRAYER FOR RELIEF

Carnival denies that Plaintiffs are entitled to any relief requested in Paragraphs A-F of Plaintiffs' prayer for relief or any other relief whatsoever from Carnival.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following must be pleaded as an affirmative defense or that any of the following is not already at issue by virtue of the foregoing responses to Plaintiffs' allegations, Carnival hereby asserts the following defenses. Carnival reserves the right to add to or amend their defenses further as additional information is developed through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint, or one or more of the counts set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims of the '434, '317, '366, '375, '184, and '435 patents (collectively "the patents-in-suit"), as properly construed and interpreted in light of the prior art, the prosecution history and otherwise, fail to satisfy one or more requirements for patentability set forth in 35 U.S.C. § 101 *et seq.*, including, without limitation, Sections 101, 102, 103, 112, and 251, and are therefore invalid.

### THIRD AFFIRMATIVE DEFENSE

Carnival does not infringe and has not infringed, willfully or otherwise, whether directly, jointly, contributorily, or by inducement, any valid claim of the patents-in-suit.

### FOURTH AFFIRMATIVE DEFENSE

The doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the patents-in-suit, bars Plaintiffs' claims.

### FIFTH AFFIRMATIVE DEFENSE

35 U.S.C. §§ 286 and/or 287 limit Plaintiffs' claims for damages.

7

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for injunctive relief are barred because adequate remedies at law exist and Plaintiffs' claims otherwise fail to meet the requirements for injunctive relief.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, estoppel, and/or acquiescence.

**COUNTERCLAIM**

1. Counterclaim-Plaintiff Carnival Corporation is a Panamanian corporation with an office at 3655 N.W. 87th Avenue, Miami, FL 33178. Counterclaim-Plaintiff Carnival plc is incorporated in England and Wales, with an office at 3655 NW 87th Avenue, Miami, FL 33178. Counterclaim-Plaintiff Carnival Corporation and Counterclaim-Plaintiff Carnival plc are collectively referred to as "Carnival."

2. On information and belief, Counterclaim-Defendant Phoenix Licensing, L.L.C. is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.

3. On information and belief, Counterclaim-Defendant LPL Licensing, L.L.C. is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona.

4. This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 as the counterclaims arise pursuant to principles of supplemental jurisdiction, the patent laws of the United States, 35 U.S.C. §§ 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

**COUNT I**

**Declaration of Invalidity**

5. Carnival incorporates by reference the preceding paragraphs as though set forth in full herein.

8

6.       An actual and justiciable controversy exists between Carnival and Counterclaim-Defendants with respect to the '434, '317, '366, '375, '184, and '435 patents (collectively "the patents-in-suit") because Counterclaim-Defendants have brought this action against Carnival alleging it infringes the patents-in-suit, and Carnival denies those allegations. Absent a declaration of invalidity, Counterclaim-Defendants will continue to wrongfully assert the patents-in-suit against Carnival and thereby cause it injury and damage.

7.       Upon information and belief, each of the claims of the patents-in-suit is invalid and unenforceable for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code.

8.       Carnival requests a judicial determination and declaration of the respective rights and duties of the parties herein in accordance with Carnival's contentions that the patents-in-suit are invalid and unenforceable. Such determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the patents-in-suit.

## COUNT II

### Declaration of Non-Infringement

9.       Carnival incorporates by reference the preceding paragraphs as though set forth in full herein.

10.      An actual and justiciable controversy exists between Carnival and Counterclaim-Defendants with respect to the patents-in-suit because Counterclaim-Defendants have brought this action against Carnival alleging it infringes the patents-in-suit, and Carnival denies those allegations. Absent a declaration of non-infringement, Counterclaim-Defendants will continue to wrongfully assert the patents-in-suit against Carnival and thereby cause it injury and damage.

11.      Carnival does not infringe directly, indirectly, literally or under the Doctrine of Equivalents, nor does it induce others to infringe, any valid claim of the

patents-in-suit, nor has it at any time infringed or induced others to infringe any valid claim of the patents-in-suit.

13. Carnival requests a judicial determination and declaration of the respective rights and duties of the parties herein in accordance with Carnival's contentions that it does not, and has not, infringed or induced others to infringe the patents-in-suit. Such determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the patents-in-suit.

## PRAYER FOR RELIEF

WHEREFORE, having answered the Amended Complaint and asserted affirmative defenses and counterclaims, Carnival asks the Court for the following alternative and cumulative relief:

A. Ordering the dismissal of the Amended Complaint with prejudice;

B. Declaring invalid each claim of the '434, '317, '366, '375, '184, and '435 patents

C. Declaring Carnival has not infringed the '434, '317, '366, '375, '184, and '435 patents;

D. Finding that, pursuant to 35 U.S.C. § 285 and/or other applicable laws, Plaintiffs' conduct in commencing and pursuing this action renders this an exceptional case and awarding Carnival its attorneys' fees incurred in this action; and

E. Ordering that Carnival be granted such other and further relief as the Court deems just and proper.

## JURY DEMAND

For all jury-triable issues, Defendant Carnival Corporation & plc hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  September 29, 2014						Respectfully submitted,

/s/ *Stuart R. Dunwoody*_____
Stuart R. Dunwoody
stuartdunwoody@dwt.com
Benjamin J. Byer
benbyer@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: (206) 622-3150
Facsimile: (206) 757-7034

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, TX 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

ATTORNEYS FOR DEFENDANT
CARNIVAL CORPORATION & PLC

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service, Local Rule CV-5(a), on this the twenty-ninth day of September, 2014.

>  /s/ *Stuart R. Dunwoody*
>  Stuart R. Dunwoody

DWT 24893509v3 0046785-000009