**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PHOENIX LICENSING, L.L.C. and LPL LICENSING, L.L.C., | |
| Plaintiffs, | Case No. 2:13-cv-01081-JRG-RSP |
| v. | LEAD CASE |
| AAA LIFE INSURANCE COMPANY, | |
| Defendant. | |
| PHOENIX LICENSING, L.L.C. and LPL LICENSING, L.L.C., | |
| Plaintiffs, | Case No. 2:13-cv-01093-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| GENERAL MOTORS LLC, | |
| Defendant. | |

**GENERAL MOTORS LLC'S ANSWER, DEFENSES, AND
COUNTERCLAIMS IN RESPONSE TO SECOND AMENDED COMPLAINT**

Defendant General Motors LLC ("General Motors") hereby responds to the Second Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiffs Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C. (collectively, "Plaintiffs") as follows, the numbered paragraphs below corresponding to the like-numbered paragraphs of the Complaint. General Motors has replicated the subheadings from the Complaint below solely for ease of reference.

## Introduction

1.      General Motors lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

2.      General Motors lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

3.      Denied.

4.      General Motors admits that the Complaint purports to seek monetary damages and a permanent injunction against General Motors as a result of alleged infringement of the patents-in-suit, but General Motors denies that it has infringed the patents-in-suit and denies that Plaintiffs are entitled to any relief from General Motors.

## Parties

5.      General Motors lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

6.      General Motors lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

7.      General Motors admits that it is a Delaware limited liability company with a principal place of business at 300 Renaissance Center, Detroit, Michigan 48265, but otherwise denies the allegations.

## Jurisdiction and Venue

8.      General Motors admits that the Complaint purports to assert an action arising under the patent laws of the United States, including 35 U.S.C. § 271, but General Motors denies that it has committed any acts of infringement.  General Motors does not contest this Court's

subject matter jurisdiction over the claims asserted in the Complaint.  General Motors denies any remaining allegations.

9.     General Motors does not contest this Court's personal jurisdiction over General Motors for purposes of the claims asserted in the Complaint.  General Motors admits that it has done business in the Eastern District of Texas, but General Motors denies that it has committed or continues to commit any act of patent infringement in this District.  General Motors denies any remaining allegations.

10.     General Motors does not contest that venue may lie in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b), but denies that this is the most convenient forum.  General Motors does not contest this Court's personal jurisdiction over General Motors for purposes of the claims asserted in the Complaint, but General Motors denies that it has committed or continues to commit any act of patent infringement in this District. General Motors denies any remaining allegations.

Count I
Alleged Infringement of U.S. Patent No. 5,987,434

11.     General Motors incorporates by reference its responses to the allegations in Paragraphs 1 through 10 above.

12.     General Motors admits that Exhibit A of the Complaint appears to be a copy of U.S. Patent No. 5,987,434 ("the '434 patent"), and further admits that the face of the '434 patent indicates that the patent was issued by the United States Patent and Trademark Office ("USPTO") on November 16, 1999.  General Motors lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     General Motors denies that it has infringed the '434 patent, whether willfully or otherwise, and further denies that Plaintiffs' attempt to reserve a right to seek a finding of willful infringement at the time of trial has any legal effect.

Count II
Alleged Infringement of U.S. Patent No. 7,890,366

19.     General Motors incorporates by reference its responses to the allegations in Paragraphs 1 through 10 above.

20.     General Motors admits that Exhibit B of the Complaint appears to be a copy of U.S. Patent No. 7,890,366 ("the '366 patent"), and further admits that the face of the '366 patent indicates that the patent was issued by the USPTO on February 15, 2011.  General Motors lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     General Motors denies that it has infringed the '366 patent, whether willfully or otherwise, and further denies that Plaintiffs' attempt to reserve a right to seek a finding of willful infringement at the time of trial has any legal effect.

## Count III
## Alleged Infringement of U.S. Patent No. 8,352,317

27.     General Motors incorporates by reference its responses to the allegations in Paragraphs 1 through 10 above.

28.     General Motors admits that Exhibit C of the Complaint appears to be a copy of U.S. Patent No. 8,352,317 ("the '317 patent"), and further admits that the face of the '317 patent indicates that the patent was issued by the USPTO on January 8, 2013.  General Motors lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     General Motors denies that it has infringed the '317 patent, whether willfully or otherwise, and further denies that Plaintiffs' attempt to reserve a right to seek a finding of willful infringement at the time of trial has any legal effect.

## Count IV
## Alleged Infringement of U.S. Patent No. 6,999,938

35.     General Motors incorporates by reference its responses to the allegations in Paragraphs 1 through 10 above.

36.     General Motors admits that Exhibit D of the Complaint appears to be a copy of U.S. Patent No. 6,999,938 ("the '938 patent"), and further admits that the face of the '938 patent indicates that the patent was issued by the USPTO on February 14, 2006.  General Motors lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    General Motors denies that it has infringed the '938 patent, whether willfully or otherwise, and further denies that Plaintiffs' attempt to reserve a right to seek a finding of willful infringement at the time of trial has any legal effect.

Count V
Alleged Infringement of U.S. Patent No. 8,738,435

43.    General Motors incorporates by reference its responses to the allegations in Paragraphs 1 through 10 above.

44.    General Motors admits that Exhibit E of the Complaint appears to be a copy of U.S. Patent No. 8,738,435 ("the '435 patent"), and further admits that the face of the '435 patent indicates that the patent was issued by the USPTO on May 27, 2014.  General Motors lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50. General Motors denies that it has infringed the '435 patent, whether willfully or otherwise, and further denies that Plaintiffs' attempt to reserve a right to seek a finding of willful infringement at the time of trial has any legal effect.

<u>Prayer for Relief</u>

General Motors submits that the Prayer for Relief does not include any allegations for which a response is required. Nevertheless, to the extent a response is deemed to be required, General Motors denies that Plaintiffs are entitled to any relief whatsoever.

<u>Demand for Jury Trial</u>

General Motors submits that the Demand for Jury Trial does not include any allegations for which a response is required. Nevertheless, to the extent a response is deemed to be required, General Motors admits that Plaintiffs have requested a jury trial for any issues so triable by right.

**<u>DEFENSES</u>**

General Motors asserts the following defenses in response to the claims set forth in the Complaint. To the extent not asserted below, General Motors reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses available at law or in equity that may now exist or may become available in the future, to the extent such defenses come to light as a result of General Motors' ongoing investigations and discovery in this matter. Moreover, General Motors undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

<u>First Defense – Noninfringement</u>

1.      General Motors does not and has not infringed any asserted claim of the '434 patent, the '366 patent, the '317 patent, the '938 patent, or the '435 patent (collectively, "the patents-in-suit").

<u>Second Defense – Invalidity</u>

2.      Each and every asserted claim of the patents-in-suit is invalid for failure to satisfy one or more of the conditions for patentability set forth in Part II of Title 35, United States Code, including but not limited to Sections 101, 102, 103 and/or 112.

<u>Third Defense – Failure to State a Claim</u>

3.      The Complaint fails to state a claim upon which relief may be granted.

<u>Fourth Defense – Laches</u>

4.      On information and belief, Plaintiffs have unreasonably and inexcusably delayed asserting a claim for infringement of the patents-in-suit against General Motors.

5.      Plaintiffs' delay in bringing a claim for infringement of the patents-in-suit against General Motors has operated to the prejudice and injury of General Motors.

6.      In view of the foregoing, Plaintiffs' infringement claim is barred, in whole or in part, by the doctrine of laches.

<u>Fifth Defense – Time Limitation on Damages</u>

7.      Plaintiffs' claims arising more than six years before the filing of the Complaint are barred, in whole or in part, under 35 U.S.C. § 286.

<u>Sixth Defense – Lack of Marking/Notice</u>

8.      On information and belief, Plaintiffs are precluded from recovering, in whole or in part, the damages sought in the Complaint because Plaintiffs, their predecessors-in-interest,

and/or their licensees failed to give notice of products that practice the patents-in-suit by marking such products or otherwise notifying General Motors of the alleged infringement as required by 35 U.S.C. § 287.

Seventh Defense – Claims Barred

9.      Any claims asserted with respect to any activities of Motors Liquidation Company ("MLC") (formerly known as General Motors Corporation), including without limitation any activities prior to July 10, 2009, are barred by order of the Bankruptcy Court of the Southern District of New York, dated July 5, 2009, approving the acquisition of certain assets from MLC.

Eighth Defense – Licensing

10.      Plaintiffs' claims are barred or exhausted to the extent that General Motors' vendors (direct or indirect) and/or other third parties involved in the accused activities hold or obtain a license or other rights to the patents-in-suit.

Ninth Defense – Lack of Standing

11.      On information and belief, Plaintiffs' claims are barred, in whole or in part, by a lack of standing to initiate and pursue this action against General Motors.

Tenth Defense – Intervening Rights

12.      On information and belief, Plaintiffs' claims for damages and relief are barred, in part, by the doctrine of intervening rights in accordance with 35 U.S.C. §§ 307 and 252.

Eleventh Defense – Estoppel/Disclaimer

13.      On information and belief, Plaintiffs' infringement claims are barred, in whole or in part, by the doctrine of prosecution history estoppel, prosecution disclaimer, and/or due to statements or amendments made during prosecution of the patents-in-suit or of any related

patents and applications, or during any other proceedings in the U.S. Patent and Trademark Office or in court.

Twelfth Defense – Prosecution History Laches

14.     On information and belief, Plaintiffs' claims are barred, in whole or in part, by the doctrine of prosecution history laches.

Thirteenth Defense – Double Patenting

15.     On information and belief, one or more claims of the '366 patent, the '317 patent, and/or the '435 patent are invalid and/or unenforceable under the doctrine of double patenting due to the filing of an ineffective terminal disclaimer and/or to the extent such patents and an otherwise invalidating prior art patent are not or were not commonly owned.

Fourteenth Defense – Patent Misuse

16.     In seeking to avoid a limitation on damages pursuant to 35 U.S.C. § 287, Plaintiffs have admitted that they have asserted and licensed the patents-in-suit to numerous third parties without knowing whether or not the patents cover any activities of such third parties.

17.     As a result of Plaintiffs demanding and collecting royalties from third parties without any good-faith belief of infringement, the patents-in-suit are unenforceable for misuse.

**COUNTERCLAIMS**

Defendant-Counterclaim Plaintiff General Motors LLC ("General Motors") hereby pleads the following counterclaims against Plaintiff-Counterclaim Defendants Phoenix Licensing, L.L.C. ("Phoenix Licensing") and LPL Licensing, L.L.C. ("LPL Licensing") (collectively, "Counterclaim Defendants"), and in support thereof alleges:

- 10 -

<u>The Parties</u>

1.      General Motors is a limited liability company organized and existing under the laws of the State of Delaware, with a regular and established place of business at 300 Renaissance Center, Detroit, Michigan 48265-3000.

2.      Phoenix Licensing claims to be a Delaware limited liability company with its principal place of business in Scottsdale, Arizona.

3.      LPL Licensing claims to be a Delaware limited liability company with its principal place of business in Scottsdale, Arizona and an office and personnel in Tyler, Texas.

4.      Phoenix Licensing claims to be the owner of U.S. Patent No. 5,987,434 ("the '434 patent"), titled "Apparatus and Method for Transacting Marketing and Sales of Financial Products" and dated November 16, 1999.

5.      Phoenix Licensing claims to be the owner of U.S. Patent No. 7,890,366 ("the '366 patent"), titled "Personalized Communication Documents, System and Method for Preparing Same" and dated February 15, 2011.

6.      Phoenix Licensing claims to be the owner of U.S. Patent No. 8,352,317 ("the '317 patent"), titled "System for Facilitating Production of Variable Offer Communications" and dated January 8, 2013.

7.      Phoenix Licensing claims to be the owner of U.S. Patent No. 6,999,938 ("the '938 patent"), titled "Automated Reply Generation Direct Marketing System" and dated February 14, 2006.

8.      Phoenix Licensing claims to be the owner of U.S. Patent No. 8,738,435 ("the '435 patent"), titled "Method and Apparatus for Presenting Personalized Content Relating to Offered Products and Services" and dated May 27, 2014.

9.      LPL claims to be the exclusive licensee of the '434 patent, the '366 patent, the '317 patent, the '938 patent, and the '435 patent (collectively, "the patents-in-suit").

Jurisdiction and Venue

10.     These Counterclaims are asserted under Federal Rule of Civil Procedure 13 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11.     This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

12.     This Court has personal jurisdiction over the Counterclaim Defendants at least because they filed the instant action against General Motors in this judicial district.

13.     Venue is proper in this judicial district for purposes of these Counterclaims at least because the Counterclaim Defendants filed the instant action against General Motors in this judicial district.

Count I – Declaratory Judgment of Noninfringement

14.     General Motors incorporates by reference the allegations in Paragraphs 1-13 above as though fully set forth herein.

15.     In their Second Amended Complaint for Patent Infringement ("Complaint"), Counterclaim Defendants allege that General Motors has infringed and continues to infringe the patents-in-suit.

16.     As evidenced by the allegations in the Complaint, there is now an actual and immediate controversy between General Motors and Counterclaim Defendants with respect to infringement of the patents-in-suit.

17.     General Motors has not and does not make, use, sell, or offer to sell in the United States, or import into the United States, any product or service that infringes the asserted claims of the patents-in-suit.

<u>Count II – Declaratory Judgment of Invalidity</u>

18.     General Motors incorporates by reference the allegations in Paragraphs 1-13 and 15-16 above as though fully set forth herein.

19.     As evidenced by the allegations in the Complaint, there is now an actual and immediate controversy between General Motors and Counterclaim Defendants with respect to validity of the patents-in-suit.

20.     On information and belief, the asserted claims of the patents-in-suit are invalid for failure to satisfy one or more of the conditions for patentability set forth in Part II of Title 35, United States Code, including but not limited to Sections 101, 102, 103 and/or 112.

<u>Prayer for Relief</u>

WHEREFORE, General Motors requests the following relief:

a.      A judgment dismissing the Complaint with prejudice;

b.      A judgment denying all relief requested by Phoenix Licensing and LPL Licensing;

c.      A judgment entered for General Motors with respect to all of Phoenix Licensing and LPL Licensing's claims and General Motors' counterclaims;

d.      A judgment declaring that General Motors does not and has not infringed any asserted claim of the patents-in-suit;

e.      A judgment declaring that the asserted claims of the patents-in-suit are invalid;

f.      A judgment declaring that the patents-in-suit are unenforceable;

      g.      A judgment declaring that this is an exceptional case, and an award to General Motors of its reasonable attorneys' fees, costs, and expenses as provided by 35 U.S.C. § 285; and

      h.      Such other and further relief as this Court may deem appropriate.

**<u>JURY DEMAND</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), General Motors demands a trial by jury on all issues triable to a jury.


Dated:  September 29, 2014                  Respectfully submitted,

                              _/s/ Mark M. Supko_
                              Mark M. Supko
                              DC Bar No. 441884
                              msupko@crowell.com
                              Crowell & Moring LLP
                              1001 Pennsylvania Avenue NW
                              Washington, DC 20004
                              Phone: (202) 624.2500
                              Fax: (202) 628.5116

                              Allen Franklin Gardner
                              Texas Bar No. 24043679
                              allengardner@potterminton.com
                              Potter Minton
                              110 N. College Avenue
                              Suite 500
                              Tyler, Texas  75702
                              Phone: (903) 597-8311
                              Fax: (903) 593-0846

                              *Attorneys for General Motors LLC*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 29th day of September, 2014.

*/s/ Mark M. Supko*
Mark M. Supko